OPINION
On January 16, 1996, appellant, Donald Dutiel, filed an application for a variance with the City of New Lexington Zoning Board. The variance was for a property located at 562 West Water Street. Said variance was denied so appellant filed a notice of appeal with appellee, the City of New Lexington Zoning Board of Appeals. Hearings were held on January 27, 1996 and May 2, 1996. By decision dated May 2, 1996, appellee agreed with the Zoning Board and denied the variance.
On May 31, 1996, appellant filed a notice of appeal with the Court of Common Pleas of Perry County, Ohio. On January 21, 1997, appellee filed a motion to dismiss for appellant's failure to file a praecipe for the transcript of the hearings. By entry filed February 5, 1997, the trial court granted said motion to dismiss the appeal.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT PREJUDICIALLY ERRED BY DISMISSING APPELLANTS' CASE WITHOUT CONSIDERING THE APPEAL ON ITS MERITS AND ALLOWING APPELLANTS' LEAVE TO FILE THE TRANSCRIPT OF PROCEEDINGS FROM THE BOARD OF ZONING APPEALS.
II
 THE BOARD OF ZONING APPEALS ERRED IN DENYING APPELLANT'S REQUEST FOR A ZONING VARIANCE.
 I
Appellant claims the trial court erred in granting appellee's motion to dismiss. We disagree.
On May 31, 1996, appellant filed a notice of appeal of appellee's decision with the Court of Common Pleas of Perry County, Ohio. Pursuant to the mandatory language of R.C. 2506.02, appellant was required to file a praecipe with appellee's clerk for the preparation of the hearing transcript:
 Within forty days after filing the notice of appeal, the officer or body from which the appeal is taken, upon the filing of a praecipe, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from. The costs of such transcript shall be taxed as a part of the costs of the appeal.
Appellant filed a praecipe on January 21, 1997, the day appellee filed its motion to dismiss. The praecipe was filed one day prior to the due date set by the trial court for appellee's brief (January 22, 1997) and after appellant's brief was due (December 9, 1996). By entry filed February 5, 1997, the trial court found this thirteenth hour filing was untimely:
 After having reviewed the filings herein and the applicable statute this Court finds that a Notice of Appeal was filed with this Court on May 31, 1996 and the Appellant failed to request a praecipe for a transcript for nearly eight (8) months thereafter. Wherefore, this Court finds that the Appellant has failed to comply with Ohio Revised Code Section 2506.02 and grants Appellee's Motion to Dismiss.
Because R.C. 2506.02 requires the filing of a transcript forty days after the filing of the notice of appeal,[1] we concur with the trial court's finding the praecipe sub judice was untimely filed.
Assignment of Error I is denied.
 II
Appellant claims appellee's decision was discriminatory and unconstitutional. We find this assignment of error to be moot in light of the trial court's dismissal pursuant to R.C. 2506.02. We are unable to address these merit arguments without a decision by the trial court first.
Assignment of Error II is moot.
The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Reader, J. concur.
 JUDGMENT ENTRY
CASE NO. CA-97-49
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed.
[1] The transcript sub judice was time stamped March 3, 1998, almost two years after the filing of the notice of appeal.